Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Kristin Escalante

1  **DANIEL AZIZI, Esq. - State Bar No. 268995**
   **DOWNTOWN L.A. LAW GROUP**
2  601 N. Vermont Ave.
   Los Angeles, CA 90004
3  Tel: (213) 389-3765
   Fax: (877) 389-2775
4  Email: Daniel@downtownlalaw.com

5

6  Attorneys for Plaintiff
   ESMERALDA REVUELTA
7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF   LOS ANGELES

10

11 ESMERALDA REVUELTA, an individual.     Case No.:  20STCV33577

12                                         **COMPLAINT FOR DAMAGES**
                    Plaintiff,
13                                           1.  NEGLIGENCE
       v.                                    2.  PREMISES LIABILITY
14

15

16 WALMART, INC., a Delaware corporation;   [JURY DEMANDED]
   JAMES DOE, an individual; and DOES 1-25,
17 inclusive.

18

19                    Defendants.

20     COMES NOW, Plaintiff, ESMERALDA REVUELTA, and alleges against

21 Defendants, and each of them, as follows:

22     1.     Plaintiff ESMERALDA REVUELTA is an individual and is now, and at all

23 times mentioned in this complaint was, an adult resident of Los Angeles County, California.

24     2.     Plaintiff is informed and believes, and based upon such information and belief

25 alleges that at all times relevant hereto Defendants WALMART, INC., a Delaware

26 corporation; JAMES DOE, an individual; and DOES 1-25, inclusive, are, and at all times

27 herein mentioned where individuals, corporations, sole proprietors, shareholders,

28

                                    1
                    **COMPLAINT FOR DAMAGES**

**Exhibit 1**
**006**

1   associations, partners and partnerships, joint venturers, and/or business entities unknown,

2   primarily residing and doing business in the county of Los Angeles, State of California.

3          3.     Plaintiff is informed and beliefs, and based upon such information alleges that

4   Defendant JAMES DOE was a supervisor and/or manager of the store at the time of

5   Plaintiff's slip and fall.  Based on information and belief, JAMES DOE is now, and at all

6   times mentioned in this complaint was, an adult resident of Los Angeles County, California.

7   It is believed that JAMES DOE was responsible for the maintenance of the store at the time

8   of Plaintiff's slip and fall, was responsible to verify that there was in place a policy which

9   provided for the maintenance of the store according to industry standards, was responsible

10  for the training and education of the store employees who were tasked with conducting the

11  maintenance of the store, and was responsible for verifying that the store be maintained

12  according to industry standards and sufficient policies and procedures.

13         4.     Defendants DOES 1-25, inclusive, are sued herein under fictitious names,

14  their true names and capacities being unknown to Plaintiff.  Plaintiff will amend this

15  complaint to allege their true names and capacities when ascertained.  Plaintiff is informed

16  and believes and thereon alleges that each of the fictitiously named Defendants is responsible

17  in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein

18  alleged were proximately caused by those Defendants.

19         5.     Plaintiff is informed and believes, and based upon such information and belief

20  alleges that at all times relevant hereto Defendants WALMART, INC., a Delaware

21  corporation; JAMES DOE, an individual; and DOES 1-25, inclusive, are, and at all times

22  herein mentioned where individuals, corporations, sole proprietors, shareholders,

23  associations, partners and partnerships, joint venturers, and/or business entities unknown,

24  primarily residing and doing business in the County of Los Angeles, State of California.  At

25  all times herein mentioned, said Defendants were the owners, lessors, sub-lessors, managing

26  agents, landlords, renters, managers, operators, marketers, inspectors, maintainers and

27  controllers, of a commercial property located at 2770 E Carson St., Lakewood, CA 90712,

Downtown L.A. Law Group
601 N. Vvermont Ave.
Los Angeles, CA  90004

2

**COMPLAINT FOR DAMAGES**

Exhibit 1
007

(hereinafter referred to as "THE SUBJECT PREMISES"), to which building the general public is invited to come.

6.     At all times herein mentioned, each of the Defendants were the agents, servants, and employees of their co-defendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, and employees, and with permission and consent of their co-defendants.  Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

#### (Against All Defendants)

7.     Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 6, and by this reference incorporates said paragraphs as though fully set forth herein.

8.     On September 14, 2018 Plaintiff was lawfully on the premises of Defendants' store for the purpose of purchasing miscellaneous items. After entering the store, Plaintiff was walking near the ice machine area of the subject premises when suddenly and without warning Plaintiff slipped on water and/or similar substance on the floor and fell violently to the floor, causing Plaintiff to sustain the serious injuries and damages described below.

9.     Said Defendants, and each of them, fully and well knew, or should have known in the exercise of reasonable care, that the structures and/or components and/or other parts of said building were in a dangerous and defective and unsafe condition, and a menace to Plaintiff and others lawfully on said premises.

10.     By reason of the aforesaid negligence, carelessness and recklessness of Defendants, and each of them, as aforesaid, and as a direct and proximate result thereof, a dangerously dirty and/or wet floor that was not properly installed, maintained, cleaned and/or

Downtown L.A. Law Group
601 N. Vwermont Ave.
Los Angeles, CA 90004

**3**

**Exhibit 1**
**008**

1    protected at said property causing Plaintiff to sustain the injuries and damages as hereinafter

2    alleged.

3         11.     As a direct and proximate result of the negligence, carelessness and

4    recklessness of Defendants, and each of them, as aforesaid, Plaintiff was hurt in her health,

5    strength and activity, sustaining severe shock and injuries to her person, all of which said

6    injuries have caused, continue to cause, and will in the future cause Plaintiff great physical

7    and emotional pain and suffering; Plaintiff is informed and believes, and therefore alleges,

8    that said injuries are permanent in nature, all to his damage in a sum according to proof.

9         12.     As a direct and proximate result of the negligence, carelessness and

10    recklessness of Defendants and each of them, as aforesaid, Plaintiff has been required to

11    obtain medical services, and Plaintiff has suffered severe emotional distress.

12                        **SECOND CAUSE OF ACTION**

13                           **PREMISES LIABILITY**

14                       **(Against All Defendants)**

15         13.     Plaintiff re-alleges each and every allegation contained in the above

16    Paragraphs 1 through 12, and by this reference incorporates said paragraphs as though fully

17    set forth herein.

18         14.     On September 14, 2018 Plaintiff was lawfully on the premises of Defendants'

19

20    store for the purpose of purchasing miscellaneous items. After entering the store, Plaintiff

21    was walking near the ice machine area of the subject premises when suddenly and without

22    warning Plaintiff slipped on water and/or similar substance on the floor and fell violently to

23    the floor, causing Plaintiff to sustain the serious injuries and damages described below.

24         15.     On or about September 14, 2018, Defendants WALMART, INC., a Delaware

25    corporation; JAMES DOE, an individual; and DOES 1-25, inclusive, carelessly and

26    negligently owned, rented, managed, leased, supervised, inspected, operated, maintained

27    and/or controlled the premises located at or near 2770 E Carson St., Lakewood, CA 90712,

28    such that it was in a dangerous, defective and unsafe condition in conscious disregard for the

Downtown L.A. Law Group
601 N. Vwermont Ave.
Los Angeles, CA 90004

4

**COMPLAINT FOR DAMAGES**

**Exhibit 1**
**009**

1  risk of harm to invitees thereon. By reason of said carelessness, negligence and conscious

2  disregard of the Defendants, and each of them, said premises were unsafe and dangerous to

3  the general public and specifically Plaintiff, ESMERALDA REVUELTA.

4         16.     Defendants WALMART, INC., a Delaware corporation; JAMES DOE, an

5  individual; and DOES 1-25, inclusive, and each of them, failed to warn Plaintiff of said

6  dangerous, defective and unsafe condition, although said Defendants, and each of them,

7  knew of said condition.

8         17.     As a direct and legal result of said carelessness, negligence and conscious

9  disregard of Defendants WALMART, INC., a Delaware corporation; JAMES DOE, an

10  individual; and DOES 1-25, inclusive, and each of them, Plaintiff was seriously injured when

11  she slipped and fell on a dangerously dirty and/or wet floor that was not properly installed,

12  maintained, cleaned and/or protected at said property causing Plaintiff to sustain the injuries

13  and damages as hereinafter alleged.

14  **PRAYER FOR RELIEF**

15       WHEREFORE, Plaintiff demands judgment against Defendants as follows:

16      1.     For general damages in a sum according to proof;

17      2.     For medical, hospital, and related expenses according to proof;

18      3.     For loss of future earning capacity according to proof;

19      4.     For costs of suit herein incurred;

20      5.     For such other and further relief as this Court may deem proper.

21

22

23

24  DATED:  August 25, 2020               **DOWNTOWN L.A. LAW GROUP**

25

26

27                             BY: Daniel Azizi, Esq.
                           Attorney for Plaintiff,
                           ESMERALDA REVUELTA

28

Downtown L.A. Law Group
601 N. Vwermont Ave.
Los Angeles, CA 90004

5

**Exhibit 1**

**010**

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

DATED:   August 25, 2020

                                    DOWNTOWN L.A. LAW GROUP


                                    BY: Daniel Azizi, Esq.
                                    Attorney for Plaintiff,
                                    ESMERALDA REVUELTA

Downtown L.A. Law Group
601 N. Vermont Ave.
Los Angeles, CA 90004

6

**COMPLAINT FOR DAMAGES**

Exhibit 1
011

Electronically FILED by Superior Court of California, County of Los Angeles on 09/02/2020 05:07 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel Azizi, Esq.   SBN: 268995<br>**DOWNTOWN LA LAW GROUP**<br>601 N. Vermont Ave., Los Angeles, CA 90004<br>TELEPHONE NO.:(213) 389-3765   FAX NO.:(877) 389-2775<br>ATTORNEY FOR *(Name):*ESMERALDA REVUELTA | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

CASE NAME: ESMERALDA REVUELTA vs. WALMART, INC., et. al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* Two
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 8/25/20

Daniel Azizi, Esq.
(TYPE OR PRINT NAME)           ▶           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**Exhibit 1**
**012**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) (*if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto*)

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability (*not asbestos or*
   *toxic/environmental*) (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) (*not civil*
   *harassment*) (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract (*not unlawful detainer*
         *or wrongful eviction*)
   Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage (*not provisionally*
   *complex*) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (*not eminent*
      *domain, landlord/tenant, or*
      *foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   (*arising from provisionally complex*
   *case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment (*non-*
      *domestic relations*)
   Sister State Judgment
   Administrative Agency Award
      (*not unpaid taxes*)
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified*
   *above*) (42)
   Declaratory Relief Only
   Injunctive Relief Only (*non-*
      *harassment*)
   Mechanics Lien
   Other Commercial Complaint
      Case (*non-tort/non-complex*)
   Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition (*not specified*
   *above*) (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**Exhibit 1**
**013**

| SHORT TITLE: ESMERALDA REVUELTA vs. WALMART, INC., et. al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☒ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

---

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

**Exhibit 1**
**014**

| SHORT TITLE: ESMERALDA REVUELTA vs. WALMART, INC., et. al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

**Exhibit 1
015**

| SHORT TITLE: ESMERALDA REVUELTA vs. WALMART, INC., et. al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

**Exhibit 1<br>016**

| SHORT TITLE: ESMERALDA REVUELTA vs. WALMART, INC., et. al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br>☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>at or near 2770 E Carson St. |
|---|---|

| CITY<br>Lakewood | STATE:<br>CA | ZIP CODE:<br>90712 | |
|---|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the *Superior Court of California, County of Los Angeles* [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 8/25/20 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Exhibit 1
017

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**09/02/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ D. Williams _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV33577 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Kristin S. Escalante | 29 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 09/03/2020
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By D. Williams _____ , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**Exhibit 1**
**018**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**Exhibit 1
019**

**FILED**
Superior Court of California
County of Los Angeles

2020-SJ-002-00

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Corina Rubina

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

IN RE PERSONAL INJURY ) CASE NO.:
COURT ("PI COURT") PROCEDURES )
SPRING STREET COURTHOUSE ) FIRST AMENDED STANDING ORDER
(EFFECTIVE FEBRUARY 24, 2020) ) RE: PERSONAL INJURY PROCEDURES
_____ ) AT THE SPRING STREET COURTHOUSE
) AT THE SPRING STREET COURTHOUSE

---

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS
REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

DATE: _____ AT 10:00 A.M.

**TRIAL:**

DATE: _____ AT 8:30 A.M.

**OSC RE DISMISSAL
(CODE CIV. PROC., § 583.210):**

DATE: _____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of

Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles

Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE

SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS

IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI")

ACTIONS FILED IN THE CENTRAL DISTRICT.

///

Page 1 of 7

**Exhibit 1
020**

2020-SJ-002-00

1.      To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition" (Local Rule 2.3(a)(1) (A)).

     Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

     ☐ A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

     ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

     ☐ A7260 Product Liability (not asbestos or toxic/environmental)

     ☐ A7210 Medical Malpractice – Physicians & Surgeons

     ☐ A7240 Medical Malpractice – Other Professional Health Care Malpractice

     ☐ A7250 Premises Liability (e.g., slip and fall)

     ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

     ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death

     The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

     The Court sets the above dates in this action in the PI Court as reflected in the Notice of Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

Exhibit 1
021

1   90012 (C.R.C. Rules 3.714(b)(3), 3.729).

2   **FILING OF DOCUMENTS**

3   2.     With the exception of self-represented litigants or parties or attorneys that have obtained

4   an exemption from mandatory electronic filing, parties must electronically file documents.

5   Filings are no longer accepted via facsimile. The requirements for electronic filing are detailed

6   in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online

7   at www.lacourt.org (link on homepage).

8   **SERVICE OF SUMMONS AND COMPLAINT**

9   3.     Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

10   soon as possible but no later than three years from the date when the complaint is filed

11   (C.C.P. § 583.210, subd. (a)). On the OSC re Dismissal date noted above, the PI Court will

12   dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action

13   or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

14   4.     The Court sets the above trial and final status conference ("FSC") dates on the condition

15   that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six

16   months of filing the complaint.

17   5.     The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure

18   § 581 when no party appears for trial.

19   **STIPULATIONS TO CONTINUE TRIAL**

20   6.     Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P.

21   § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing

22   good cause or articulating any reason or justification for the change. To continue or advance a

23   trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation

24   to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

25   on the court's website, Personal Injury Court link). The PI Courts schedule FSCs at 10:00 a.m.,

26   eight court days before the trial date. Parties seeking to continue the trial and FSC dates shall

27   file the stipulation at least eight court days before the FSC date. Parties seeking to advance the

28   trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

Exhibit 1
022

2020-SJ-002-00

1    FSC date (C.C.P. § 595.2; Govt. Code § 70617, subd. (c)(2)). In selecting a new trial date,

2    parties should avoid setting on any Monday, or the Tuesday following a court holiday. Parties

3    may submit a maximum of two stipulations to continue trial, for a total continuance of six

4    months. Subsequent requests to continue trial will be granted upon a showing of good cause by

5    noticed motion. This rule is retroactive so that any previously granted stipulation to continue

6    trial will count toward the maximum number of allowed continuances.

7    **NO CASE MANAGEMENT CONFERENCES**

8    7.      The PI Courts do not conduct case management conferences. The parties need not file a

9    Case Management Statement.

10    **LAW AND MOTION**

11    8.      Any and all electronically-filed documents must be text searchable and bookmarked.

12    (*See* operative General Order re Mandatory Electronic Filing in Civil).

13    **COURTESY COPIES REQUIRED**

14    9.      Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy

15    copies of certain documents must be submitted directly to the PI Court courtrooms at the

16    Spring Street Courthouse. The PI Courts also strongly encourage the parties filing and

17    opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

18    or more three-ring binders organizing the courtesy copy behind tabs. Any courtesy copies of

19    documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)). All

20    deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits

21    (C.R.C. Rule 3.1116(c)).

22    **RESERVATION HEARING DATE**

23    10.      Parties must reserve hearing dates for motions in the PI Courts using the Court

24    Reservation System (CRS) available online at *www.lacourt.org* (link on homepage). After

25    reserving a motion hearing date, the reservation requestor must submit the papers for filing with

26    the reservation receipt number printed on the face page of the document under the caption and

27    attach the reservation receipt as the last page. Parties or counsel who are unable to utilize the

28    online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

**Exhibit 1**
**023**

2020-SJ-002-00

1  Friday, between 3:00 p.m. and 4:00 p.m.

2  **WITHDRAWAL OF MOTIONS**

3  11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court

4  immediately if a matter will not be heard on the scheduled date.  In keeping with that rule, the

5  PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to

6  the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not

7  needlessly prepare tentative rulings for these matters.

8  **DISCOVERY MOTIONS**

9  12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to

10 resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another

11 attorney with full authority to make binding agreements, must attend in person.  The PI judges

12 have found that, in nearly every case, the parties amicably resolve disputes with the assistance

13 of the Court.

14 13.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to

15 Discovery will be heard unless the moving party submits evidence, by way of declaration, that

16 the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in

17 an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for

18 noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a

19 motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because

20 of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for

21 filing a motion to compel further discovery responses in order to allow time to participate in an

22 IDC.

23         If parties do not stipulate to extend the deadlines, the moving party may file the motion

24 to avoid it being deemed untimely.   However, the IDC must take place before the motion is

25 heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

26 60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

27 Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

28 the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

Exhibit 1
024

1  that complies with the notice requirements of the Code of Civil Procedure.

2  14.   Parties must reserve IDC dates in the PI Courts using CRS, which is available online at

3  www.lacourt.org (link on homepage).  Parties must meet and confer regarding the available dates

4  in CRS prior to accessing the system.  After reserving the IDC date, the reservation requestor

5  must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form

6  LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt

7  as the last page.  The opposing party may file and serve a responsive IDC form, briefly setting

8  forth that party's response, at least ten court days prior to the IDC.

9  15.   Time permitting, the PI Hub judges may be available to participate in IDCs to try to

10  resolve other types of discovery disputes.

11  **EX PARTE APPLICATIONS**

12  16.   Under the California Rules of Court, courts may only grant *ex parte* relief upon a

13  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

14  "immediate danger," or where the moving party identifies "a statutory basis for granting relief

15  ex parte" (C.R.C. Rule 3.1202(c)).  The PI Courts have no capacity to hear multiple *ex parte*

16  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

17  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

18  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

19  relief, the moving party should reserve the earliest available motion hearing date (even if it is

20  after the scheduled trial date) and file a motion to continue trial.  Parties should also check

21  CRS from time to time because earlier hearing dates may become available as cases settle or

22  hearings are taken off calendar.

23  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

24  17.   Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC")

25  Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated

26  Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's

27  website under the PI Courts link).  The PI Courts will transfer a matter to an IC Court if the case

28  is not a "Personal Injury" case as defined in this Order, or if it is "complicated."  In determining

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

Exhibit 1
025

2020-SJ-002-00

whether a personal injury case is "complicated" the PI Courts will consider, among other things, the number of pretrial hearings or the complexity of issues presented.

18.     Parties opposing a motion to transfer have five court days to file an Opposition (using the same LACIV 238 Motion to Transfer form).

19.     The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts will make an independent determination whether to transfer the case or not.

**FINAL STATUS CONFERENCE**

20.     Parties shall comply with the requirements of the PI Courts' operative Standing Order Re Final Status Conference, which shall be served with the summons and complaint.

**JURY FEES**

21.     Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint (C. C. P. § 631, subd. (c)(2)).

**JURY TRIALS**

22.     The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal Courtrooms.

**SANCTIONS**

23.     The Court has discretion to impose sanctions for any violation of this general order (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

Dated:  Feb. 24, 2020

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

Exhibit 1
026

2020-SJ-004-00

**FILED**
Superior Court of California
County of Los Angeles

**FEB 24 2020**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Lorena Albino

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS AT THE SPRING STREET COURTHOUSE | ) THIRD AMENDED STANDING ORDER ) RE: FINAL STATUS CONFERENCE, ) PERSONAL INJURY ("PI") COURTS ) (Effective January 13, 2020) ) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS August 9, 2019 STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

**1. PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

///

Page 1 of 5

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

**Exhibit 1**
027

**2.  TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

**A.  TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

**B.  MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a).  The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude.  Parties filing more than one motion in limine shall number them consecutively.  Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

**C.  JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

**D.  JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)).  The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony.  The parties/counsel shall identify all potential witness scheduling issues and special requirements.  Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

Exhibit 1
028

**E.    LIST OF PROPOSED JURY INSTRUCTIONS**

**(JOINT AND CONTESTED)**

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.  The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

**F.    JURY INSTRUCTIONS**

**(JOINT AND CONTESTED)**

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material.  The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

**G.    JOINT VERDICT FORM(S)**

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)).  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

**H.    JOINT EXHIBIT LIST**

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

**I.    PAGE AND LINE DESIGNATION FOR**

**DEPOSITION AND FORMER TESTIMONY**

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following: 1) the page and line designations of the deposition or

**Exhibit 1**

**029**

1  former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto,

2  and 5) the Court's ruling.

3  **3.     EVIDENTIARY EXHIBITS**

4         The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at

5  the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits,

6  organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the

7  witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written

8  description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties

9  have a joint signed exhibit list and electronic copies of their respective exhibits, then the

10 parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit

11 binders will be required by the assigned trial judge when the trial commences.  In the absence of

12 either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced

13 by all parties/counsel at the FSC.

14 **4.     TRIAL BINDERS REQUIRED IN THE PI COURTS**

15        The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the

16 following for inspection at the FSC) the Trial Documents consisting of conformed copies (if

17 available), tabbed and organized into three-ring binders with a table of contents that includes the

18 following:

19        Tab A:      Trial Briefs (Optional)

20        Tab B:      Motions in Limine

21        Tab C:      Joint Statement to Be Read to the Jury

22        Tab D:      Joint Witness List

23        Tab E:      Joint List of Jury Instructions (identifying the agreed upon and contested

24                    instructions)

25        Tab F:      Joint and Contested Jury Instructions

26        Tab G:      Joint and/or Contested Verdict Form(s)

27        Tab H:      Joint Exhibit List

28

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

**Exhibit 1**
**030**

| | |
|---|---|
| Tab I: | Joint Chart of Page and Line Designation(s) for Deposition and |
| | Former Testimony |
| Tab J: | Copies of the Current Operative Pleadings (including the operative complaint, |
| | answer, cross-complaint, if any, and answer to any cross-complaint). |

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers.  The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

## 5. FAILURE TO COMPLY WITH FSC OBLIGATIONS

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: _Feb. 24, 2020_

_[signature]_

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

Page 5 of 5

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

Exhibit 1
031

2020-SJ-003-00

**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Corina Albino

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO PERSONAL INJURY COURTROOMS AT THE SPRING STREET COURTHOUSE | ) FIFTH AMENDED STANDING ORDER ) RE:  MANDATORY SETTLEMENT ) CONFERENCE ) (Effective February 24, 2020) ) |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court ("Court") HEREBY AMENDS AND SUPERSEDES THE September 26, 2019 FOURTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING FIFTH AMENDED STANDING ORDER:

The Court orders the parties to participate in a Mandatory Settlement Conference ("MSC") supervised by a Personal Injury Court Judge and staffed by volunteer settlement attorneys from the American Board of Trial Advocates, the Association of Southern California Defense Counsel, and the Consumer Attorneys Association of Los Angeles.

1. Plaintiff's counsel shall, within two (2) court days of the Court's order of an MSC, access the Consumer Attorneys Association of Los Angeles ("CAALA") website, at www.caala.org, and under "The LASC COURT CONNECTION" click on "LA Superior Court PI MSC (Parties)," to register and schedule a mutually agreed upon time for the MSC prior to the trial date.

2. A mandatory settlement conference statement shall be served on all parties not less than five (5) court days before the scheduled MSC.  Parties' counsel shall serve

1

**Exhibit 1**
**032**

2020-SJ-003-00

1   opposing counsel, CAALA at stuart@caala.org, and the Court by email.   Email

2   addresses for the PI courtrooms can be found on the Court's website at

3   www.lacourt.org, under "*Division*" go to "*Civil*", then go to "*General Jurisdiction*

4   *PI Court*" then click on "*PI Courtroom Email Addresses*".   CAALA will forward

5   the mandatory settlement conference statements to the settlement attorneys.

6   3.   Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior

7   Court Rule 3.25(d), trial counsel, the parties and persons, including insurance

8   company representatives with full settlement authority, must attend in person unless

9   the settlement judge excuses personal appearance for good cause.

10   4.   If the case settles prior to the scheduled MSC, Plaintiff's counsel shall notify the

11   specific Courtroom, forthwith, of such settlement by email and also CAALA by email

12   to stuart@caala.org.

13   5.   Parties and counsel are ordered to appear in in the assigned Personal Injury

14   Courtroom at the scheduled time and date of the MSC as selected by the parties'

15   counsel.

16   6.   The Court has the discretion to require any party and/or counsel who fails or refuses

17   to comply with this order to show cause why the Court should not impose monetary

18   sanctions.

19

20

21   Dated:   **Feb. 24, 2020**

22   SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

23

24

25

26

27

28

2

**Exhibit 1**
**033**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

**Exhibit 1
034**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**Exhibit 1**
**035**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                  (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____            > _____
      (TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)

Date:

_____            > _____
      (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____            > _____
      (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____            > _____
      (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____            > _____
      (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date:

_____            > _____
      (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date:

_____            > _____
      (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

**Exhibit 1**
036

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

| | |
|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

**Exhibit 1**
037

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

Exhibit 1
038

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____         ➤  _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date:

_____         ➤  _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____         ➤  _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____         ➤  _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____         ➤  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____         ➤  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____         ➤  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

**Exhibit 1**
**039**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**Exhibit 1** <br> 040

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**Exhibit 1**
**041**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____      ➤  _____
          (TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date:

_____      ➤  _____
          (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤  _____
          (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤  _____
          (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤  (ATTORNEY FOR _____)
          (TYPE OR PRINT NAME)

Date:

_____      ➤  (ATTORNEY FOR _____)
          (TYPE OR PRINT NAME)

Date:

_____      ➤  (ATTORNEY FOR _____)
          (TYPE OR PRINT NAME)

**THE COURT SO ORDERS.**

Date:   _____          _____
                                                                      JUDICIAL OFFICER

**Exhibit 1**
042



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

**Exhibit 1**
**043**

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
   - **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
   - **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
     - Only MCLA provides mediation in person, by phone and by videoconference.

   **These organizations cannot accept every case and they may decline cases at their discretion.**
   Visit www.lacourt.org/ADR.Res List for important information and FAQs before contacting them.
   NOTE: This program does not accept family law, probate or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil.
     - Free, day-of-trial mediations at the courthouse. No appointment needed.
     - Free or low-cost mediations before the day of trial.
     - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
       http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

**Exhibit 1**
**044**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>09/17/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Marquez _____ Deputy |
| PLAINTIFF/PETITIONER:<br>ESMERALDA REVUELTA, AN INDIVIDUAL | |
| DEFENDANT/RESPONDENT:<br>WALMART, INC., A DELAWARE CORPORATION et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV33577 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the PI General Order, Standing Order re PI Procedures and Hearing Date  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

**RECEIVED**
SEP 2 3 2020
BY: ................................

DANIEL  AZIZI
DOWNTOWN L.A. LAW GROUP
601 N. VERMONT AVE
Los Angeles, CA  90004

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 09/17/2020

By:  M. Marquez
      Deputy Clerk

**CERTIFICATE OF MAILING**

**Exhibit 1**
045

2018-SJ-007-00

1

2                                                              **FILED**
                                                    Superior Court of California
3                                                      County of Los Angeles

4            SUPERIOR COURT OF THE STATE OF CALIFORNIA        APR 16 2018

5                FOR THE COUNTY OF LOS ANGELES       Sherri R. Carter, Executive Officer/Clerk
                                                     By_____ Deputy
6                                                           Stephanie Chung

7   IN RE PERSONAL INJURY          ) CASE NO.: 20STCV33577
    COURT ("PI COURT") PROCEDURES, )
8   **CENTRAL DISTRICT**           ) STANDING ORDER RE: PERSONAL
    (EFFECTIVE APRIL 16, 2018)     ) INJURY PROCEDURES, CENTRAL
9                                  ) DISTRICT
                                   )
10  _____)

11

12  ┌──────────────────────────────────────────────────────┐
13  │   **DEPARTMENT:** *29*  2☐   3☐   4☐   5☐  7☐          │
14  │            **FINAL STATUS CONFERENCE ("FSC"):**         │
15  │     • **DATE:** _____02/16/2022_____ **AT 10:00 A.M.**  │
16  │                                                        │
17  │                    **TRIAL:**                          │
18  │     • **DATE:** _____03/02/2022_____ **AT 8:30 A.M.**   │
19  │   **OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**   │
20  │     • **DATE:** _____08/30/2023_____ **AT 8:30 A.M.**   │
21  └──────────────────────────────────────────────────────┘

22     TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

23     Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules

24  of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los

25  Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES

26  THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY,

27  ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION

28  PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

                              Page 1 of 8

          Standing Order Re Personal Injury Procedures, Central District

                                                    **Exhibit 1**
                                                        046

2018-SJ-007-00

1.      To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

"an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition." (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

A7260 Product Liability (not asbestos or toxic/environmental)

A7210 Medical Malpractice – Physicians & Surgeons

A7240 Medical Malpractice – Other Professional Health Care Malpractice

A7250 Premises Liability (e.g., slip and fall)

A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

Standing Order Re Personal Injury Procedures, Central District

Exhibit 1
047

2018-SJ-007-00

1    The Court sets the above dates in this action in the PI Court circled above (Department

2    2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.

3    (C.R.C. Rules 3.714(b)(3), 3.729.)

4    **FILING OF DOCUMENTS**

5    2.    Parties may file documents in person at the filing window on the first floor of the Stanley

6    Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,

7    which is available online at *www.lacourt.org* (link on homepage). Please note that filings are no

8    longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.

9    Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,

10   legally incompetent person, or person for whom a conservator has been appointed, requests to

11   waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-

12   410), may not be filed via e-Delivery.

13   **SERVICE OF SUMMONS AND COMPLAINT**

14   3.    Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

15   soon as possible but no later than three years from the date when the complaint is filed.

16   (C.C.P. § 583.210, subd.(a).)   On the OSC re Dismissal date noted above, the PI Court will

17   dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action

18   or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19   4.    The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate

20   service on defendant(s) of the summons and complaint within six months of filing the complaint.

21   5.    The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no

22   party appears for trial.

23   **STIPULATIONS TO CONTINUE TRIAL**

24   6.    Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.

25   § 583.310), the parties may advance or continue any trial date in the PI Courts without showing

26   good cause or articulating any reason or justification for the change.   To continue or advance a

27   trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing

28   window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

---

Page 3 of 8

Standing Order Re Personal Injury Procedures, Central District

Exhibit 1
048

2018-SJ-007-00

1 | required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form
2 | LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts
3 | schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to
4 | continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC
5 | date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight
6 | court days before the proposed advanced FSC date. (C.C.P. § 595.2; Govt. Code § 70617, subd.
7 | (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday
8 | following a court holiday. Parties may submit a maximum of two stipulations to continue trial,
9 | for a total continuance of six months. Subsequent requests to continue trial will be granted upon
10 | a showing of good cause by noticed motion. This rule is retroactive so that any previously
11 | granted stipulation to continue trial will count toward the maximum number of allowed
12 | continuances.

13 **NO CASE MANAGEMENT CONFERENCES**

14 7.     The PI Courts do not conduct Case Management Conferences. The parties need not file
15 a Case Management Statement.

16 **LAW AND MOTION**

17 8.     Any documents with declarations and/or exhibits must be tabbed.  (C.R.C. Rule
18 3.1110(f).) All depositions excerpts referenced in briefs must be marked on the transcripts
19 attached as exhibits.  (C.R.C. Rule 3.1116(c).)

20 **CHAMBERS COPIES REQUIRED**

21 9.     In addition to filing original motion papers at the filing window on the first floor of the
22 Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to
23 the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers
24 Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a
25 hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and
26 opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one
27 or more three-ring binders organizing the chambers copy behind tabs.

28 ///

Page 4 of 8

Standing Order Re Personal Injury Procedures, Central District

**Exhibit 1**
049

2018-SJ-007-00

**RESERVATION HEARING DATE**

10.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at _www.lacourt.org_ (link on homepage).   After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.   Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes.   Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.   The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.   Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.   Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.   Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

Standing Order Re Personal Injury Procedures, Central District

Exhibit 1
050

2018-SJ-007-0C

1   IDC.

2          If parties do not stipulate to extend the deadlines, the moving party may file the motion

3   to avoid it being deemed untimely.   However, the IDC must take place before the motion is

4   heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

5   60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

6   Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

7   the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

8   that complies with the notice requirements of the Code of Civil Procedure.

9   14.    Parties are directed to reserve IDC dates in the PI Courts using CRS available online at

10  www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available

11  dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation

12  requestor must file in the appropriate department and serve an Informal Discovery Conference

13  Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days

14  prior to the conference and attach the CRS reservation receipt as the last page.  The opposing

15  party may file and serve a responsive IDC form, briefly setting forth that party's response, at

16  least 10 court days prior to the IDC.

17  15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to

18  resolve other types of discovery disputes.

19  **EX PARTE APPLICATIONS**

20  16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a

21  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

22  "immediate danger," or where the moving party identifies "a statutory basis for granting relief

23  ex parte." (C.R.C. Rule 3.1202(c).) The PI Courts have no capacity to hear multiple *ex parte*

24  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

25  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

26  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

27  relief, the moving party should reserve the earliest available motion hearing date (even if it is

28  after the scheduled trial date) and should file a motion to continue trial.  Parties should also check

Standing Order Re Personal Injury Procedures, Central District

Exhibit 1
051

2018-SJ-007-00

1  the Court Reservation System from time to time because earlier hearing dates may become

2  available as cases settle or hearings are taken off calendar.

3  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4  17.      Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")

5  Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.

6  mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury

7  Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under

8  the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a

9  "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether

10  a personal injury case is "complicated" the PI Courts will consider, among other things, the

11  number of pretrial hearings or the complexity of issues presented.

12  18.      Parties opposing a motion to transfer have five court days to file (at the filing window

13  on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition

14  (using the same LACIV 238 Motion to Transfer form).

15  19.      The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.

16  Although the parties may stipulate to transfer a case to an Independent Calendar Department, the

17  PI Courts will make an independent determination whether to transfer the case or not.

18  **FINAL STATUS CONFERENCE**

19  20.      Parties shall comply with the requirements of the PI Courts' "First Amended Standing

20  Order Re Final Status Conference," which shall be served with the summons and complaint.

21  **JURY FEES**

22  21.      Parties must pay jury fees no later than 365 calendar days after the filing of the initial

23  complaint. (C. C. P. § 631, subds. (b) and (c).)

24  **JURY TRIALS**

25  22.      The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the

26  Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One

27  will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal

28  Courtrooms.

Standing Order Re Personal Injury Procedures, Central District

Exhibit 1
052

2018-SJ-007-00

1  **SANCTIONS**

2  23.     The Court has discretion to impose sanctions for any violation of this general order.

3  (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

4

5

6  Dated: *April 16, 2018*

7                                        Debre K. Weintraub
                                         Supervising Judge of Civil Courts
8                                        Los Angeles Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 1**
053